UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL SHAVERS,

    Plaintiff,

v.                                        Case No. 2:07-cv-171
                                       HON. R. ALLAN EDGAR

DAVID BERGH, et al.,

    Defendants.

_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on August 31, 2009. The Report and Recommendation was duly served on the parties. The Court has received objections from plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

Plaintiff indicates that the Magistrate Judge's Report and Recommendation is factually incorrect. Plaintiff directly quotes his complaint. Although it is not necessary to quote the complaint verbatim, the Court accepts the allegations as stated in the complaint. Plaintiff argues that he did exhaust his grievance remedies against defendant Enterline because he mentioned "another RUO" in his grievance. Plaintiff, however, never asserted that the other RUO did anything wrong. Plaintiff, in fact, stated that the other RUO acted professionally. That is insufficient to place

defendant Enterline on notice that wrongful conduct was being asserted against him. It is clear that plaintiff never asserted any factual allegations in his grievance that could have possibly supported a failure to protect claim. While plaintiff did not need to use the terms "failure to protect," or "Eighth Amendment" in his grievance, he did need to place facts in the grievance which could place defendant Enterline on notice that he committed a wrongful act against plaintiff. Further, there exists no evidence that defendant Enterline violated plaintiff's Eighth Amendment rights by failing to protect plaintiff. Plaintiff claims that defendant Enterline should have stopped defendant Stasewich from pulling too hard on the lead strap. There exists no evidence that defendant Enterline had prior knowledge that defendant Stasewich would pull on the lead strap, or that defendant Enterline could have stopped defendant Stasewich from pulling on the lead strap.

Most importantly, plaintiff has not shown a violation of the Eighth Amendment. At best, plaintiff has asserted facts which can only establish that a simple battery took place. Plaintiff cannot support his claims factually. Plaintiff claims that this Court should have assisted him in obtaining his medical records. It is clear, however, that plaintiff never followed proper discovery procedure to obtain his medical records. It is not the obligation of this Court to conduct plaintiff's discovery, or to help plaintiff support the factual allegations of his claims.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge (Docket #143) is approved and adopted as the opinion of the Court.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (Docket #127) is granted and this case will be dismissed in its entirety. Plaintiff's motion for sanctions (Docket #146) and motion to stay ruling (Docket #152) are denied.

IT IS FURTHER ORDERED that plaintiff's motions (Docket #114, #119, #123, #124, #130, #131, #132, #133, #134 and #138) are denied.

FINALLY, IT IS ORDERED that the Court can discern no good-faith basis for an appeal. Accordingly, an appeal of this action would not be taken in good faith.


Dated:   10/16/09                             /s/ R. Allan Edgar
                                              R. ALLAN EDGAR
                                              UNITED STATES DISTRICT JUDGE