UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL SHAVERS,

    Plaintiff,

v.

    Case No. 2:07-cv-171
    HON. R ALLAN EDGAR

DAVID BERGH, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a motion for a temporary restraining order and preliminary injunction in this matter. This matter is set for trial on May 21, 2012. Plaintiff has asserted an Eighth Amendment claim and a retaliation claim against defendants alleging excessive force was used against him. Plaintiff's injunctive relief request asks that he be provided the same standard of medical care that he received prior to January 18, 2012. Plaintiff alleges that he was examined by Dr. Crompton on January 18, 2012, who told him that he was okay. However, plaintiff alleges that he was later visited by a nurse who gave him a 30 pack of the medicine Amlodipine Besylate which was prescribed by Dr. Crompton. Plaintiff refused to take the medication. Plaintiff filed a grievance against Dr. Crompton because he wanted the medications that were prescribed prior to January 18, 2012. Plaintiff began to suffer chest pains on January 28, 2012, and was transported to the Manistee General Hospital when a nurse determined that he was suffering from a heart attack or agina attack. Plaintiff explained to the hospital staff that he had refused to take his prescribed medication because it was different than what he was taking previously. Plaintiff was discharged from the hospital on

January 29, 2012. Plaintiff disagrees with Dr. Compton's medical judgment and believes that he is fabricating plaintiff's claims and retaliating against plaintiff.

Plaintiff alleges that he suffered a mini-stroke or heart attack on February 12, 2012. Plaintiff was informed the next day that he needed to take his medication or he could die. Plaintiff began experiencing pain in his legs on February 19 and 20, which he believes were blood clots forming. Plaintiff declined examination from a nurse because she was associated with Dr. Crompton. Plaintiff seeks a temporary injunction and preliminary injunction against "non-defendants in this instant case."

I have reviewed plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that plaintiff will suffer irreparable harm if the requested relief is not granted.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

2. Whether the movant has shown irreparable injury.

3. Whether the preliminary injunction could harm third parties.

4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that the defendants have violated his federal rights. Plaintiff has not sought relief against the named defendants. This court only has jurisdiction over the named defendants and does not have authority to issue an injunction against non-parties to this action. Moreover, plaintiff's request for injunctive relief has nothing to do with the underlying facts of this case. Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief. Plaintiff is being medically treated, but he simply disagrees with the course of treatment and has refused to follow his doctor's advice.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary

relief in the prison context, absent a sufficient showing of a violation of constitutional rights.  *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).  That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion for a temporary restraining and preliminary injunction (Docket #210) order be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   March 29, 2012